IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KELLI LORRAINE POLLARD,<br><br>    Defendant. | § § § § § § § § § § | No. 04-20216-Ml |

ORDER CORRECTING THE DOCKET
AND
ORDER DENYING IRREGULAR MOTION

       On September 28, 2005, defendant Kelli Lorraine Pollard, Bureau of Prisons inmate registration number 15529-076, an inmate at the Federal Medical Center in Lexington, Kentucky, filed an irregular motion in her closed criminal case, entitled "Motion for Sentence/Set Aside reduction, correction By a Federal Prisoner."

       On May 13, 2004, a federal grand jury returned a two-count indictment charging Pollard with conspiring to defraud the Untied States, in violation of 18 U.S.C. § 371, and theft from programs receiving federal funds, in violation of 18 U.S.C. §§ 666 and 2. On March 17, 2005, Pollard appeared before this judge to plead guilty to both counts of the indictment. The Court conducted a sentencing hearing on June 16, 2005, at which time Pollard was sentenced to concurrent terms of twenty-seven (27) months imprisonment on each count, to be followed by a three-year period

of supervised release.[1] The Court also ordered Pollard to pay restitution in the amount of $86,386. Judgment was entered on June 17, 2005. An amended judgment was entered on June 22, 2005 to reflect that the correct amount of restitution is $80,836. Pollard did not take a direct appeal.

In the instant motion, Pollard seeks a review of her guilty plea in light of her asserted drug and alcohol addiction and a new sentencing hearing in light of the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005).

Pollard has not, and cannot, cite authority for the proposition that the Court has the authority to reconsider her guilty plea after the entry of judgment, nor has she offered any explanation for her failure to file a motion to withdraw her guilty plea prior to the entry of judgment. Moreover, the presentence report does not indicate that the defendant had a drug or alcohol addiction. This aspect of Pollard's motion is DENIED.

As to her request for a new sentencing hearing, Pollard was sentenced after the issuance of the decision in Booker. This judge was familiar with the decision in Booker at the time of the

---

[1] Pursuant to § 2B1.1(a) of the United States Sentencing Guidelines ("U.S.S.G."), the base offense level for theft is 6. Pollard received an eight-point enhancement, pursuant to U.S.S.G. § 2B1.1(b)(1)(E), because the loss was more than $70,000 but less than $120,000. She received another four-point enhancement, pursuant to U.S.S.G. § 3B1.1(a), due to her role as an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, and a three-point reduction, pursuant to U.S.S.G. § 3E1.1, for acceptance of responsibility. Thus, Pollard's total offense level was 15. Given her criminal history category of III, the guidelines recommended a sentencing range of 24-30 months.

sentencing hearing and understood that the sentencing guidelines are no longer mandatory.[2] If Pollard was dissatisfied with her sentence, she was entitled to appeal it. Neither Fed. R. Crim. P. 36, nor the All Writs Act, 28 U.S.C. § 1651, authorizes a district judge to reopen a criminal case and conduct a new sentencing hearing months after the entry of judgment. See Daniels v. United States, 25 Fed. Appx. 355, 356 (6th Cir. Jan. 2, 2002) (the All Writs Act "does not amount to an independent jurisdictional grant in the absence of an express statutory grant of subject-matter jurisdiction"; affirming denial of prisoner's motion for modification of his sentence in light of Apprendi). The Court DENIES defendant's motion for a new sentencing hearing.

As no reasonable jurist could disagree that this Court is without jurisdiction to reopen defendant's criminal case or modify her sentence, it is CERTIFIED, pursuant to Fed. R. App. 24(a) that

---

[2] The other decisions cited by Pollard are of no assistance to her. The Sixth Circuit's decision in United States v. Koch, 383 F.3d 436 (6th Cir. 2004) (en banc), involved the status of the sentencing guidelines prior to the decision in Booker. The decision in United States v. Olano, 507 U.S. 725 (1993), concerns the presence of alternate jurors during jury deliberations and has no bearing on this case.

3

any appeal in this matter by defendant, proceeding in forma pauperis, is not taken in good faith.

IT IS SO ORDERED this 31st day of January, 2006.


                    /s/ Jon P. McCalla
                    JON PHIPPS McCALLA
                    UNITED STATES DISTRICT JUDGE